IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 7 |
| Q'Max America, Inc., *et al.* [1] | § § § | Case No. 20–60030-CML |
| Debtors. | § | Jointly Administered |
| Christopher R. Murray, Chapter 7 Trustee, | § § § | |
| Plaintiff | § § | Adversary No. 22–06049 |
| v. | § § | |
| PricewaterhouseCoopers LLP, and PricewaterhouseCoopers Advisory Services, LLC, | § § § § | |
| Defendants. | § | |

**FIRST AMENDED COMPLAINT**

Christopher R. Murray, in his capacity as the chapter 7 trustee ("Plaintiff" or "Trustee") for the bankruptcy estate of Q'Max America, Inc. ("Debtor"), files this First Amended Complaint ("FAC") against PricewaterhouseCoopers LLP ("PwC LLP") and PricewaterhouseCoopers Advisory Services, LLC ("PwC AS") (collectively, "PwC" or "Defendants"), seeking to: (1) avoid and recover from Defendants, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the 90–day period prior to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Q'Max America Inc. (2319) and Anchor Drilling Fluids USA, LLC (5395).

the Petition Date (as defined below) pursuant to §§ 547 and 550 of the United States Code,[2] and (2) to disallow any claims held by Defendants pursuant to § 502(d) of the Code, plus pre– and post–petition interest in accordance with applicable law.

## JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012–6 (S.D. Tex. May 24, 2012). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), (O), and the general "catch–all" language of 28 U.S.C. § 157(b)(2).

2. The statutory and procedural bases for the relief requested herein are §§ 502(d), 547, and 550 of the Bankruptcy Code, Rules 3007(b) and 7001(1) of the Bankruptcy Rules, and Rule 7008–1 of the Bankruptcy Local Rules for the Southern District of Texas ("BLR").

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The Court has constitutional authority to enter a final order on the FAC. The FAC concerns essential bankruptcy matters which have no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable.[3] In the alternative, all matters addressed in the FAC are essential bankruptcy matters which trigger the public rights exception.[4]

5. Pursuant to BLR 7008–1, the Trustee consents to the entry of a final order or judgment by the Court if it is determined that absent consent of the parties, the Court cannot enter final orders or judgment consistent with Article III of the United States Constitution.

---

[2] Any reference to "Code" or "Bankruptcy Code" is a reference to Title 11 of the United States Code, and any reference to "Section" or "§" refers to the corresponding section in Title 11, unless stated otherwise. Further, any reference to "Rule" or "Bankruptcy Rule" is a reference to the Federal Rules of Bankruptcy Procedure, unless stated otherwise

[3] *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *Stern v. Marshall*, 564 U.S. 462 (2011)).

[4] *Id.*

## THE PARTIES

6. Plaintiff is the duly appointed chapter 7 Trustee for Debtor's bankruptcy estate. Plaintiff may be served with pleadings and process of this adversary proceeding through his undersigned counsel.

7. Defendant PricewaterhouseCoopers LLP is a Limited Liability Partnership organized under the laws of Delaware and may be served through its registered agent The Corporation Trust Company at 1209 Orange Street, Wilmington, Delaware 19801, or wherever it may be found.

8. Defendant PricewaterhouseCoopers Advisory Services LLC is a Limited Liability Company organized under the laws of Delaware and may be served through its registered agent The Corporation Trust Company at 1209 Orange Street, Wilmington, Delaware 19801, or wherever it may be found.

## SUMMARY OF FAC

9. Plaintiff seeks to avoid and recover from Defendants, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the Petition Date (as defined below) pursuant to sections 547 and 550 of the Bankruptcy Code, plus pre-petition and post-petition interest in accordance with applicable law.

## GENERAL ALLEGATIONS

A. The Debtor

10. On May 24, 2020, Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code, commencing this case ("Case").[5] It is jointly administered under Case No.

---

[5] ECF No. 1.

20-60030.

11. Debtor was an independent drilling fluids company focused on providing drilling fluids and solids control services to national and independent oil companies. Debtor QAI was based in Houston, Texas.

### B. The Transfers

12. Defendants are nationally recognized accounting, auditing, and advisory firms that provided services to Debtor. Defendant PwC LLP provided services to Debtor from at least 2018 to early 2020. Defendant PwC AS provided services to Debtor in 2019.

13. Each of the payments made by Debtor to Defendants during the Preference Period (as defined below) was for services provided by Defendants prior to the Preference Period. As such, each payment made by Debtor during the Preference Period was for an antecedent debt owed by Debtor.

14. In the 90 days prior to the Petition Date ("Preference Period"), Debtor made six transfers ("Transfers") on various dates to Defendants, as shown in the chart below. The total amount of these Transfers is $850,000.00 ($350,000.00 to PwC LLP, and $500,000.00 to PwC AS).

| Payment Date | Payment To | Payment Amount |
|---|---|---|
| 3/4/2020 | PwC AS | $250,000.00 |
| 3/6/2020 | PwC LLP | $100,000.00 |
| 3/13/2020 | PwC AS | $47,983.00 |
| 3/13/2020 | PwC AS | $202,017.00 |
| 4/7/2020 | PwC LLP | $100,00.00 |
| 4/8/2020 | PwC LLP | $150,000.00 |
| | Total: | **$850,000.00** |

15. Plaintiff is seeking to avoid the Transfers made by Debtor to Defendants within the Preference Period.

**C. Statutory Defenses**

16. Plaintiff conducted an evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfers under the circumstances of this Case under § 547(c) of the Code. Based on the information available to him, Plaintiff determined Defendants cannot avail themselves of the "new value" defense under § 547(c)(1) of the Code, as neither Defendant provided services to Debtor during the Preference Period.

17. Plaintiff also conducted an "ordinary course of business" analysis under § 547(c)(2). Based on the information available to him, Plaintiff calculated the average days to pay an invoice, during the pre-Preference Period, as 90.5 days. Plaintiff also determined that 60% of all payments made during the pre-Preference Period were made between 63 and 144 days. Using this range, Plaintiff found that only one Transfer made during the Preference Period ($100,000.00 payment made to PwC LLP on March 6, 2020) was made during this period. As such, Plaintiff is not pursuing this payment, as it was made in the ordinary course of business.

18. After taking into account the aforementioned defenses, Plaintiff determined he may avoid the remainder of the Transfers. Therefore, the preferential amount of the Transfers is $750,000.00.

19. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendants during the Preference Period or that may be avoidable under other provisions of the Code. It is Plaintiff's intention to avoid and recover all avoidable transfers of property made by Debtor, as well as interests of Debtor in property, to or for the benefit of Defendants or any other transferee. Plaintiff reserves his right to amend this FAC

to include the following: (a) further information regarding the Transfers; (b) additional transfers; (c) modifications of and/or revision to Defendants' names; (d) additional defendants; and/or (e) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery, or otherwise, and for the Amendments to relate back to the original Complaint.

### CLAIM I – AVOIDANCE OF PREFERENCE TRANSFERS PURSUANT TO 11 U.S.C. § 547

20. The allegations in paragraphs 9-19 are realleged and incorporated herein by this reference.

21. The Transfers identified in ¶ 14 above constitute transfers of an interest in property of Debtor, made to or for the benefit of Defendants who are, and were during the Preference Period, creditors of Debtor.

22. The Transfers were made for or on account of antecedent debts owed by Debtor to Defendants before such Transfers were made.

23. Debtor was insolvent at the time of the Transfers. Debtor is entitled to the presumption of insolvency for Transfers made during the Preference Period pursuant to § 547(f).

24. The Transfers were made during the Preference Period.

25. By virtue of the Transfers, Defendants received more than they would have received (i) had the Transfers not been made, and (ii) had Defendants received distributions on account of its debts under the provisions of the Code.

26. The Transfers thus constitute preferences pursuant to § 547(b) of the Bankruptcy Code and should be avoided.

### CLAIM II – RECOVERY OF PREFERENCE TRANSFERS PURSUANT TO 11 U.S.C. § 550

27. The allegations in paragraphs 9-26 are realleged and incorporated herein by this

reference.

28. After accounting for the reasonably knowable affirmative defenses to avoidance, Plaintiff is entitled to avoid the Transfers in the amount not less than $750,000.00 pursuant to § 547(b) of the Code ("Avoidable Transfers").

29. Because the Transfers constitute avoidable preferences under § 547 of the Bankruptcy Code, Plaintiff may recover the Transfers under § 550(a) of the Code.

30. Defendants were either (i) initial transferees of the Transfers, or the entities for whose benefit the Transfers were made, or (ii) immediate or mediate transferees of the Transfers.

31. As such, Plaintiff is entitled to recover the Transfers from Defendants.

### CLAIM III – DISALLOWANCE OF CLAIM PURSUANT TO 11 U.S.C. § 502(D)

32. The allegations in paragraphs 9-31 are realleged and incorporated herein by this reference.

33. Defendants are transferees of the Transfers that are avoidable under § 547 of the Code, and in which is recoverable under § 550 of the Code.

34. Defendants have not paid the amount of the Avoidable Transfers, or turned over such property, for which Defendants are liable under § 550 of the Code.

35. Pursuant to § 502(d) of the Code, any claims held or filed by Defendants against Debtor must be disallowed until Defendants pay Plaintiff an amount equal to the Avoidable Transfers plus applicable interest.

### REQUEST FOR PRE– AND POST–JUDGMENT INTEREST

36. Plaintiff seeks pre–judgment interest on the value of the Avoidable Transfers from the date of demand through the date of judgment at the legal maximum rate and to the fullest extent

allowed by applicable law. Plaintiff seeks post–judgment interest on all money damages awarded hereunder from the date of judgment until paid at the prevailing federal judgment rate.

### **PRAYER**

37. Accordingly, the Plaintiff respectfully requests the Court enter Judgment in his favor as follows:

    i. On Plaintiff's first and second claims for relief, judgment in favor of the Plaintiff and against Defendants avoiding the Avoidable Transfers and directing Defendants to return to Plaintiff the amount of the Avoidable Transfers pursuant to §§ 547(b) and 550(a) of the Code, plus pre–judgment interest from the date of demand at the legal maximum rate and to the fullest extent allowed by applicable law, and post–judgment interest at the legal maximum rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action, including, without limitation, attorneys' fees;

    ii. On Plaintiff's third claim for relief, judgment in favor of Plaintiff and against Defendants disallowing any claims held or filed by Defendants against Debtor until Defendants return the Avoidable Transfers to Plaintiff pursuant to § 502(d) of the Code; and

    iii. Such other and further relief as this Court may deem just and proper.

Date: August 18, 2022

**MCDOWELL HETHERINGTON LLP**

By: */s/ Nicholas R. Lawson*
Nicholas R. Lawson
Texas Bar No. 24083367
1001 Fannin Street, Suite 2700
Houston, TX 77002
P: 713-221-3799
F: 713-333-6035
E: nick.lawson@mhllp.com
***Special Litigation Counsel***